UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ENRIQUE ALVEAR,

    Plaintiff,

v.                                                   Case No: 8:24-cv-1940-KKM-TGW

JACKIE Z STYLE CO., ST. PETE. LLC,

    Defendant.
_____

## ORDER

The parties move for entry of a proposed consent judgment and dismissal of this action with prejudice. Joint Mot. for Approval (JMA) (Doc. 17). For the below reasons, I deny the motion.

Alvear brings this action against Jackie Z Style Co., a store that sells clothing and other wares, under the Americans with Disabilities Act (ADA). Am. Compl. (Doc. 10). Alvear, who is blind, alleges that Jackie Z's website "contains access barriers that prevent free and full use by blind and visually disabled individuals using keyboards and available screen reader software." *Id.* ¶ 21. Alvear alleges that he has future plans to patronize Jackie Z's physical store and website once the "[w]ebsite's access barriers are removed or remedied." *Id.* ¶ 17; *see id.* ¶ 24. In the alternative, Alvear plans to monitor the website "as a tester to ascertain whether it has been updated to interact properly with screen reader

1

software." *Id.* ¶ 17. According to Alvear, Jackie Z's physical store "is a place of public accommodation pursuant to the ADA," and the website "is a necessary service, privilege, and advantage of Defendant's brick-and-mortar store that must comply with all requirements of the ADA." *Id.* ¶ 15; *see id.* ¶ 25.

After Alvear filed his amended complaint, the parties announced a settlement. (Doc. 12). Accordingly, I dismissed the action and closed the case. (Doc. 13). The parties then filed a joint motion for an order approving a proposed consent judgment and dismissing the action with prejudice. (Doc. 17). Under the terms of the proposed consent judgment, Jackie Z:

a. shall not deny persons with a disability (as defined under the ADA), including the Plaintiff, the opportunity to participate in and benefit from the goods, services, privileges, advantages, and accommodations through the Website, and any other website owned or operated by Defendant or any affiliate of Defendant, as set forth herein. 42 U.S.C. § 12182(b)(1)(A)(i); 28 C.F.R. § 36.202(a);

b. shall use Reasonable Efforts to provide persons with a disability (as defined under the ADA), including Plaintiff, an equal opportunity to participate in or benefit from the goods, services, privileges, advantages, and accommodations provided through the Website, and any other website owned or operated by Defendant or any affiliate of Defendant, as set forth herein. 42 U.S.C. § 12182(b)(2)(A)(ii); 28 C.F.R. § 36.202(b); and

c. shall use Reasonable Efforts to ensure that persons with a disability (as defined under the ADA), including Plaintiff, are not excluded, denied services, segregated, or otherwise treated differently because of the absence of auxiliary aids and services, through the Website, and any other

      website owned or operated by Defendant or any affiliate of Defendant, as set forth herein. 42 U.S.C. § 12182(b)(2)(A)(iii); 28 C.F.R. § 36.303.

Proposed Consent Judgment (Doc. 17-1) ¶ 12.

      The proposed consent judgment outlines a "Web Accessibility Conformance Timeline" that Jackie Z must adhere to and enumerates a dispute resolution process. *Id.* ¶¶ 13–17. The proposed consent judgment will remain "for the earlier of: (1) 36 months from the Effective Date; or (b) the date, if any, that the United States Department of Justice adopts regulations for websites under Title III of the ADA." *Id.* ¶ 11.

      Before approving a proposed consent judgment, I must determine that the parties' "proposal represents a reasonable factual and legal determination based on the facts of record, whether established by evidence, affidavit, or stipulation." *United States v. City of Miami*, 664 F.2d 435, 441 (Former 5th Cir. 1981) (en banc) (Rubin, J., concurring in the per curiam judgment); *see United States v. City of Hialeah*, 140 F.3d 968, 976 n.2 (11th Cir. 1998) (determining that Judge Rubin's concurrence in *City of Miami* is binding precedent). "Even if all of the litigants [are] in accord, it does not follow that the federal court must do their bidding." *Stovall v. City of Cocoa*, 117 F.3d 1238, 1242 (11th Cir. 1997) (quoting *League of United Latin Am. Citizens, Council No. 4434 v. Clements*, 999 F.2d 831, 845 (5th Cir. 1993) (en banc)); *see Sys. Fed'n No. 91, Ry. Emp. Dep't, AFL-CIO v. Wright*, 364 U.S. 642, 651 (1961) ("The parties cannot, by giving each other consideration, purchase from a court of equity a continuing injunction."). Because entry of

3

a consent judgment is a "judicial act," *United States v. Swift & Co.,* 286 U.S. 106, 115 (1932), a court "must exercise equitable discretion before accepting litigants' invitation to perform" it, *Clements*, 999 F.2d at 846.

The motion for entry of a consent judgment is denied without prejudice for two reasons. First, the parties have not set forth a factual and legal basis for the proposed consent judgment. *See* Proposed Consent Judgment ¶ 8 ("[T]he parties agree to the entry of this Consent Decree without trial or further adjudication of any issues of fact or law raised in Plaintiff's Complaint."). Second, the proposed injunction's terms are too vague to be effectively enforced by coercive contempt.

The proposed consent judgment does not "represent[] a reasonable factual and legal determination based on the facts of record." *City of Miami*, 664 F.2d at 441 (Rubin, J., concurring in the per curiam judgment). For one, despite Alvear alleging that he intends to visit Jackie Z's physical store and website in the "near future," Am. Compl. ¶ 24, the parties have not submitted any evidence as to Alvear's standing to seek an injunction. To seek injunctive relief, a plaintiff must show a risk of future injury that is "certainly impending." *Clapper v. Amnesty Int'l, USA*, 568 U.S. 398, 414 & n.5 (2013). Without such a showing, a district court "lacks the power to grant" a consent judgment, *Williams v. Reckitt Benckiser LLC*, 65 F.4th 1243, 1258 (11th Cir. 2023), "[consent of the parties,]

or not," *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021) (quoting *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 466 (2016) (Roberts, C. J., concurring)).

Further, the parties seek to employ Article III's equitable powers to compel Jackie Z to comply with provisions of the ADA, yet there is disagreement as to whether the ADA even applies in this case. *See* JMA at 1–2 ("Defendant denies that its website is a public accommodation or a place of public accommodation, or that its website is otherwise subject to Title III of the ADA, and Defendant denies any violation of the ADA or any other wrongdoing."); Proposed Consent Judgment ¶ 6 ("Defendant denies that the Website is a public accommodation or that it is a place of public accommodation or that it is otherwise subject to Title III of the ADA."). Indeed, as the parties recognize, after the panel in *Gil v. Winn-Dixie Stores, Inc.*, 993 F.3d 1266 (11th Cir. 2021), vacated its own decision on mootness grounds, *see* 21 F.4th 775, 776 (11th Cir. 2021) (per curiam), there is uncertainty in the Eleventh Circuit "as to the applicability of Title III of the ADA to a website operated by a commercial business," JMA at 2.

In the light of this uncertainty and without any agreement as to the law or the relevant facts, *see* Proposed Consent Judgment ¶ 8, the parties have failed to provide a sufficient basis for the purchase of "a continuing injunction," *Wright*, 364 U.S. at 651.

Parts of the proposed consent judgment also violate Federal Rule of Civil Procedure 65(d)(1). Consent judgment or not, a district court must abide by Rule 65(d)'s

"requirement that injunctions state their terms specifically and 'describe in reasonable detail' the 'act or acts restrained or required' " in determining whether to enter proposed injunctive relief. *United States v. Askins & Miller Orthopaedics, P.A.*, 924 F.3d 1348, 1361 (11th Cir. 2019) (quoting FED. R. CIV. P. 65(d)). The proposed consent judgment requires Jackie Z to comply, or to use reasonable efforts to comply, with different subsections of 42 U.S.C. § 12182(b). Proposed Consent Judgment at 4–5. The Eleventh Circuit has "repeatedly questioned the enforceability of obey-the-law injunctions." *S.E.C. v. Goble*, 682 F.3d 934, 949 (11th Cir. 2012). Although such injunctions are sometimes permissible, such as when "the terms of the statute [are] specific, and the defendant clearly [knows] what conduct the injunction addressed," *id.* at 951, the relevant subsections of 42 U.S.C. § 12182(b) lack such specificity. As a result, this part of the order fails to "clearly let defendant know what [it] is ordered to do or not to do." *Planetary Motion, Inc. v. Techsplosion, Inc.*, 261 F.3d 1188, 1203 (11th Cir. 2001) (quoting *John H. Harland Co. v. Clarke Checks, Inc.*, 711 F.2d 966, 985 (11th Cir. 1983)).

Other parts of the proposed consent judgment offer only slightly more specificity. For example, when it comes to the "Web Accessibility Conformance Timeline," one provision provides that:

> Within twenty-four (24) months from the Effective Date, to the extent not already done, Defendant shall modify and continue to monitor and maintain the Websites as needed to substantially conform to the Web Content Accessibility Guidelines 2.0 and/or Web Content Accessibility Guidelines

> 2.1 Level A Success Criteria to the extent determined to be applicable, or any other WCAG guidelines deemed to be applicable, in such a manner so that the Websites will be accessible to persons with vision disabilities.

Proposed Consent Judgment ¶ 13a. Although this provision enumerates a timeframe, it is not clear what is specifically required of Jackie Z to "substantially conform" with the mentioned guidelines.

A provision of the dispute resolution section of the proposed consent judgment is also not sufficient under Rule 65. It provides that Jackie Z shall not be in breach of the proposed consent judgment unless:

> (a) a independent accessibility consultant determines that a particular item(s) cannot be accomplished by a person with a disability who has average screen reader competency using a prominent commercially available screen reader such as Jaws, Voiceover, or NVDA in combination with one of the following browsers (in versions of which that are currently supported by their publishers): Internet Explorer, Firefox, Safari and Chrome, including the desktop and mobile versions of such browsers; and
>
> (b) Defendant fails to remedy the issue by seeking to use Reasonable Efforts within a reasonable period of time.

Proposed Consent Judgment ¶ 16. Although subsection (a) provides Jackie Z with some notice as to when it may be held in breach of the proposed consent judgment, subsection (b) inserts vagueness into the provision by providing that Jackie Z will breach the proposed consent judgment if it fails to remedy the issue using "Reasonable Efforts" within a "reasonable period of time." Even though the proposed consent judgment defines "Reasonable Efforts," *see* Proposed Consent Judgment ¶ 10, subsection (b) adds an

7

element of subjectivity and in turn fails to clearly inform Jackie Z as to when it may be held in contempt for breaching the agreement.

In sum, the proposed consent judgment contains provisions that lack specificity as to "the act or acts restrained or required." FED. R. CIV. P. 65(d)(1)(C). This failure, along with the failure to provide a sufficient factual and legal basis for the entry of the proposed consent judgment, leads me to deny the parties' motion.

Accordingly, it is **ORDERED**:

1. The Joint Motion to Approve Consent Judgment and to Dismiss this Action with Prejudice (Doc. 17) is **DENIED**.

2. No later than **February 6, 2025**, the parties may file an amended motion remedying the deficiencies identified in this order. Alternatively, the parties may file a joint stipulation of dismissal pursuant to Rule 41(a)(1)(A)(ii) adhering to the principle that settlement agreements are a matter of private contract, see *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1281 (11th Cir. 2012), or move to voluntarily dismiss the action under Rule 41(a)(2).

**ORDERED** in Tampa, Florida, on January 23, 2025.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge